**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



Charles M. Caldwell
United States Bankruptcy Judge

**Dated: August 25, 2015**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

In Re: TAHIRA MALIKA GUTHRIE : Case No. 15-54192

: Chapter 13

: Judge CHARLES M. CALDWELL

<u>**ORDER CONFIRMING CHAPTER 13 PLAN**</u>

This matter is before the Court with respect to confirmation of the Debtor(s)' Chapter 13 plan and amendments thereto, if any ("Plan"). Having reviewed the Plan, and noting that objections, if any, have been withdrawn or resolved, the Court finds that the Plan meets the requirements of 11 U.S.C. §1325.

It is therefore **ORDERED** that the Plan is confirmed, subject to the following terms, conditions, and restrictions:

1. The Debtor(s) shall make monthly payments to the Trustee until the Plan is completed, for a period not to exceed sixty (60) months. The monthly payments shall be by payroll deduction, unless otherwise ordered or agreed to by the Trustee. Payments shall be sent to Frank M. Pees, Chapter 13, Dept. 781158, P.O. Box 78000, Detroit, MI 48278-1158.
2. The Trustee shall deposit all monthly payments and make disbursements in accordance with the law, the provisions of the Plan, any subsequent order of the Court requiring distribution of payments in a particular manner, and any General Order in effect in the District.
3. During the pendency of the Plan, all property of the estate as defined in 11 U.S.C. §1306(a) is within the exclusive jurisdiction of the Court. The Debtor(s) shall not, except as provided in LBR 6004-1(c)(3), without the consent of the Trustee or the Court, sell or otherwise dispose of or transfer such property unless sale or transfer of such property is specifically provided for in

    the Plan.
4. The Debtor(s) shall maintain insurance on all property subject to a security interest in a manner and for the amount required by the Bankruptcy Code and/or the relevant security agreement or loan documents.
5. The Debtor(s) shall not incur additional non-emergency consumer debt in an amount exceeding one thousand dollars ($1000.00) without the written approval of the Trustee or order of the Court.
6. The value of the personal property which is subject of a security interest shall be the lesser of the value set forth in the Plan (or if a value is not stated in the Plan, then the value set forth in the Debtor(s)' schedules) or the value set forth in the secured creditor's proof of claim, unless a different value is stipulated by the parties or determined by Court order.
7. Unless the Court orders otherwise, the attorney for the Debtor(s) is allowed the fee set forth in the attorney compensation statement filed in the case, provided the statement does not request fees in excess of three thousand five hundred dollars ($3500.00).

**IT IS SO ORDERED.**

**Copies to: All Creditors and Parties in Interest**

###